## SUPREME COURT.

### FULLER agt. SQUIRE.

Where a clerk is authorized to compute interest on the report of a referee under § 310 of the Code, such interest should be computed from the time of making the report and not from its date.

*Albany Special Term, March* 1853. *Motion to readjust an allowance made by the clerk of Greene.* The action was brought for the recovery of money on a demand not entitled to interest. The referee to whom the cause was referred, made his report on the 1st of December 1852, but dated his report as of the time the cause was submitted to him, which was on the 7th February 1852. In entering up judgment on the 10th March 1853, the clerk computed and included in the judgment, interest from the date of the report. The defendant applies for a readjustment.

J. C. VAN DYCK, *for Plaintiff.*

G. VAN SANTVOORD, *for Defendant.*

PARKER, Justice.—The Code directs (§ 310), that when the judgment is for the recovery of money, interest from the time of the verdict or report, until judgment be finally entered, shall be computed by the clerk and added to the costs of the party entitled thereto. I think this means from the time the verdict is brought in, or the report made. Where plaintiff is entitled to recover interest on the demand in suit, the referee will compute it and include it in his report. When the demand does not draw interest, a referee can not give it to the plaintiff by ante dating his report. In this case interest should have been computed on the report from the first day of December 1852, when it was made; and the excess of interest, being $12·11, must be deducted from the judgment; neither party to have costs of this motion.